UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAREES BEYAH,<br><br>  Plaintiff,<br><br>  v.<br><br>MARTIN BITER, et al.,<br><br>  Defendants. | CASE NO. 1:13-cv-01467-MJS<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM<br><br>(ECF NO. 1)<br><br>ORDER DENYING PLAINTIFF'S OBJECTION TO DENIAL OF MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF NO. 8)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Warees Beyah is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 5.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 7.)

On September 12, 2013, Plaintiff filed his complaint. (ECF No. 1.) It is now before the Court for screening.

On October 28, 2013, Plaintiff also filed an Objection to Denial of Motion for Appointment of Counsel. (ECF No. 8.) It too will be addressed below.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF COMPLAINT

Plaintiff identifies Warden Martin Biter, Associate Warden David Stebbins, Captain P. Denny, Correctional Counselor B. DaVeiga, Lieutenant Macario Galvan, Sergeant Ron Crother, and correctional officers: Tu Nguyen, Casey Fenton, Gary Legaspi, Randall Sanchez, Sam Bowlay-Williams, Alfredo Verduzco, Jimmy Jimenez, and V. Manzaneras as defendants.

Plaintiff's allegations can be summarized essentially as follows:

On July 27, 2011, Defendants Nguyen, Sanchez, Legaspi, and Crother responded to an incident between Plaintiff and his cellmate. Crother ordered Plaintiff and his cellmate to "cuff up" for escort, and they refused. As a result, Defendants Crother and Nguyen pepper sprayed Plaintiff. Defendant Nguyen then ordered Plaintiff to crawl out of the cell on his hands and knees. Despite Plaintiff's compliance, Defendants Nguyen, Legaspi, Sanchez, and Fenton beat Plaintiff with their batons. Plaintiff believes Defendants Jimenez and Verduzco also hit him with their batons. Defendant Crother bashed Plaintiff's head against the concrete. Plaintiff sustained contusions, lacerations requiring stitches, and a broken rib.

Defendants Jimenez, Verduzco, Bowlay-Williams, and Galvan failed to intervene and falsified documents regarding the incident.

Plaintiff initially refused medical treatment out of fear, but later requested and was denied treatment. Plaintiff did not receive any outside medical treatment until approximately eight hours later.

The following day, Plaintiff was placed in administrative segregation, without prior notice. Defendant Stebbins falsely stated that he interviewed Plaintiff and provided him the opportunity to present witnesses and evidence at his August 11, 2011 Institutional Classification Committee ("ICC") hearing, but that Plaintiff's witnesses refused to testify. Stebbins also refused Plaintiff's request for a continuance. Defendant Manzaneras, Plaintiff's assigned Investigative Employee, failed to interview any of his inmate witnesses or attend the ICC hearing. Plaintiff received a loss of 150 days credit and an 18-month Segregated Housing Unit ("SHU") term as a sentence.

On August 29, 2011, Plaintiff did not receive his television with his other property. He was told by correctional officer Howard that correctional officer Hart had taken it. When he attempted to obtain his property receipt from Howard to attach to his appeal regarding the television, Howard refused him access to retrieve the receipt.

Defendant DaVeiga retaliated against Plaintiff for filing grievances and an Internal Affairs complaint against her by rejecting, denying, and cancelling Plaintiff's appeals, denying him his right to access the courts. Defendant Biter failed to respond to Plaintiff's complaints.

Plaintiff seeks monetary damages, costs, and a declaratory judgment against Defendants for their violation of his First, Eighth, and Fourteenth Amendment rights.

## IV.    ANALYSIS

### A.    Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983).

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

### B. Unrelated Claims

Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party." However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against

different defendants belong in different suits . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (*citing* 28 U.S.C. § 1915(g)).

Plaintiff attempts to bring multiple unrelated constitutional claims against multiple defendants. Plaintiff alleges: 1) excessive force and failure to intervene, 2) inadequate medical care, 3) violations of due process during a disciplinary hearing, 4) property deprivation, and 5) retaliation and denial of access to courts.

Plaintiff's claims against Defendants for excessive force and failure to intervene arise out of the same occurrence, *i.e.* an assault on Plaintiff. To the extent any such claims are found to be cognizable, they may be joined in one action. Plaintiff's claims against Defendant DaVeiga for retaliation and denial of access to courts may likewise be joined in one action to the extent that they are found to be cognizable.

By contrast, Plaintiff's remaining claims may not be so joined. None of the remaining claims are related or part of the same series of transactions or occurrences, and they involve different Defendants.

Plaintiff will be given leave to amend. If he chooses to do so, he must decide which transaction or occurrence he wishes to pursue in this action—*i.e.*, 1) his excessive force and failure to intervene claim, 2) his retaliation and access to courts claim against Defendant DaVeiga, or 3) one of the remaining medical care, due process, or property deprivation claims.

### C.      Excessive Force

To state an excessive force claim, a plaintiff must allege facts to show that the use of force involved an "unnecessary and wanton infliction of pain." *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (*quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Whether the force applied inflicted unnecessary and wanton pain turns on whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the

safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See *Whitley*, 475 U.S. at 321.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotation marks omitted); *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).

Plaintiff alleges that Defendants Nguyen, Legaspi, Sanchez, Fenton, and Crother used excessive force when they pepper sprayed him, beat him with their batons, and bashed his head against the concrete. However, Plaintiff's own pleadings reflect there was a justification at least for Defendant's initial actions in trying to gain control and compliance. Plaintiff states that he became compliant at some point during the confrontation, but it is not clear from his pleading whether the force unnecessarily continued after it was clear he was complying.

To state an Eighth Amendment claim against Defendants for excessive force, Plaintiff must allege that there was no legitimate penological purpose for Defendants' actions for which he seeks relief. Plaintiff will be granted leave to amend to allege true facts, statements, or events, if any, that gave rise to or immediately preceded the assault on him and what, if any, justification was given for that assault by Defendants or other prison authorities. Plaintiff should allege at what point, if any, Defendants were no longer justified in their actions and why.

Additionally, if Plaintiff wishes to state a claim of excessive force against Defendants Jimenez and Verduzco, he must allege facts showing specifically how they were involved and his basis for so alleging. Speculation that they may have hit him with batons during the altercation is insufficient.

### D. Failure to Intervene

The Eighth Amendment "protects prisoners . . . from inhumane methods of punishment . . . [and] inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). They also have a duty to take reasonable steps to protect inmates from physical harm by other inmates. *Id.* at 833.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's health or safety. *Id.* at 834. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* at 1057 (*quoting Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837; *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842.

Plaintiff alleges that Defendants Jimenez, Verduzco, Bowlay-Williams, and Galvan failed to intervene during the assault on him. Plaintiff, however, fails to allege any facts in support this conclusion. His belief that Defendants Jimenez and Verduzco participated in the fight tends to be inconsistent with the claim that they simply failed to intervene to stop the fight. Plaintiff must allege specific facts showing that each

Defendant knew or of the assault, knew or should have known that it was not justified, were in a position to do something about it, and should have done something about it, but failed to intervene.

### E.  Medical Indifference

A claim of medical indifference requires: 1) a serious medical need, and 2) a deliberately indifferent response by defendant.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  A serious medical need may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *Id.*; *see also McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

The deliberate indifference standard is met by showing: a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and b) harm caused by the indifference.  *Id.*  "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (*quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.* (brackets omitted) (*quoting Gibson v, Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "[A]n inadvertent failure to provide adequate medical care" does not, by itself, state a deliberate indifference claim for § 1983 purposes.  *McGuckin*, 974 F.2d at 1060 (internal quotation marks omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that

a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060.

Plaintiff alleges that despite informing unnamed individuals of his need for medical treatment, he was not seen for eight hours.  To the extent that Plaintiff wishes to state a claim for medical indifference, he fails to specifically allege what his medical need was (his bare allegation that his injuries were getting worse is insufficient), who he informed, when he informed them, the length of the delay in responding to his request for medical care, and the extent of the harm that was caused by the alleged delay in receiving treatment.  Plaintiff will be granted leave to amend.

### F.     Due Process – Disciplinary Hearing

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  To state a claim, Plaintiff must first identify the interest at stake. *Id.*  Liberty interests may arise from the Due Process Clause or from state law. *Id.*  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (*citing Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  *Id.*; *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

When a prisoner faces disciplinary charges, prison officials must provide the

9

prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.  *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

Plaintiff alleges that Defendants Stebbins and Manzaneras violated the second requirement by not allowing him to present witnesses.  Plaintiff's right to call witnesses at a disciplinary hearing is not absolute.  *Wolff,* 418 U.S. at 566.  Plaintiff fails to allege that there was no other legitimate correctional goal or institutional security issue that would merit the denial of his witnesses.  If Plaintiff chooses to amend, he must allege facts demonstrating that there was no legitimate penological reason for denial of his right to call witnesses.

### G.     *Heck* Bar

Plaintiff alleges that as a result of Defendants Stebbins and Manzaneras falsifying their reports and denying him witnesses at the hearing, he was found guilty and received a loss of 150 days credit and an 18-month SHU term.  It is unclear from Plaintiff's complaint whether this loss of credit and SHU term will affect the length of his sentence. If Plaintiff is claiming that his disciplinary sentence will increase the length of his prison sentence, his cause of action is barred by Heck, and he must pursue such claims by filing a *habeas corpus* petition.  *See Ramirez*, 334 F.3d at 856 (the application of *Heck* "turns solely on whether a successful § 1983 action would necessarily render invalid a[n] . . . administrative sanction that affected the length of the prisoner's confinement").

Often referred to as the *Heck* bar, the favorable termination rule bars any civil rights claim which, if successful, would demonstrate the invalidity of confinement or its duration. Such claims may be asserted only in a *habeas corpus* petition.  *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the

10

conviction or sentence occurs, no cause of action under § 1983 exists); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under § 1983).

### H. Deprivation of Property

The Due Process Clause protects prisoners from being deprived of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir.1974). An authorized, intentional deprivation of property may be actionable under the Due Process Clause.[1] *Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (*citing Logan*, 455 U.S. at 435–436); *See also Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). However, authorized deprivations of property are not actionable if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. There is an adequate post-deprivation remedy under California law. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (*citing* Cal. Gov't Code §§ 810-895).

As an initial matter, Plaintiff alleges that correctional officers Howard and Hart were involved in the deprivation of his property. However, Plaintiff fails to name them as Defendants. If Plaintiff wishes to allege that they somehow violated his rights by depriving him of his property, he must name them as Defendants. Plaintiff also does not specify whether the alleged deprivation of his property was authorized. Nor do the

---

[1] An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985).

11

allegations suggest correctional officers Howard and Hart engaged in conduct so serious as to implicate Plaintiff's substantive due process rights, *i.e.* conduct that is prohibited regardless of available post-deprivation remedies. *See Wood v. Ostrander*, 879 F.2d 583, 588–89 (9th Cir.1989) (the "post-deprivation rule" does not apply to claims alleging a deprivation of a right guaranteed by the substantive Due Process Clause).

If Plaintiff chooses to amend, he must allege facts showing an authorized deprivation of property not reasonably related to a legitimate penological interest.

### I. Appeals Process

Plaintiff complains of the manner in which Defendant DaVeiga handled his grievances. The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, prisoners have no stand-alone due process rights related to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance or denying a grievance does not constitute a due process violation. *See, e.g.*, *Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); *Williams v. Cate*, No. 1;09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Plaintiff has not stated a cognizable due process claim against Defendant DaVeiga for her handling of his grievances. Since no such rights exist relative to the administrative grievance process, leave to amend would be futile and is denied.

### J. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against

an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that Defendant DaVeiga took an adverse action against him by erroneously cancelling, rejecting, and denying his grievances in retaliation for him filing and pursuing grievances and filing an Internal Affairs complaint against her. Plaintiff's speculation that Defendant DaVeiga's conduct was motivated by his filing of grievances and complaints is insufficient. Plaintiff must allege facts to support a retaliatory mindset. *See Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing in addition to other evidence, including statements).

Plaintiff fails to allege that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct" and that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (*quoting Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff will be granted leave to amend to allege these elements.

### K.     Access to Courts

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). A plaintiff must show that he suffered an "actual injury," *i.e.* prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.

*Id.* at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. *Id.* at 351.

Plaintiff fails to allege what injury he has suffered by Defendant DaVeiga's handling of his grievances. It appears that Plaintiff's claim is limited to his grievance regarding his property and is an argument in response to whether he exhausted his administrative remedies on said claim. If Plaintiff wishes to amend, he must allege what injury he suffered and how it hindered his ability to pursue a legal claim.

### L. Linkage & Supervisory Liability

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). In other words, there must be an actual connection or link between the actions of Defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 691 (1978). Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. *Iqbal*, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Defendants cannot be held liable for being generally deficient in their supervisory duties.

Plaintiff has not alleged that Defendants Denny or Biter participated in any violation of his constitutional rights. Plaintiff's allegations against Defendant Denny are

limited to the conclusory statement that he failed to correct Defendants Stebbins and Manzaneras' actions, and therefore violated Plaintiff's due process rights. With respect to Defendant Biter, Plaintiff merely alleges that he sent his complaints to Biter but did not receive a response. If Plaintiff wishes to state a claim against either Defendant, he must plead specific facts as to how they personally participated in, directed, or knew of and failed to act to prevent the constitutional violations against Plaintiff.

### M. Declaratory Judgment

In addition to damages, Plaintiff seeks a declaration that Defendants violated his constitutional rights. Plaintiff's claims for damages necessarily entail a determination of whether his rights were violated, and therefore, his separate request for declaratory relief is subsumed by those claims. *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005). Should Plaintiff seek some other declaratory judgment, he must clearly specify what relief he seeks and how such relief would settle "a substantial and important question currently dividing the parties." *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir. 1992).

## V. OBJECTION TO DENIAL OF APPOINTMENT FOR COUNSEL

Plaintiff is, in effect, asking the Court to reconsider its prior order denying his request for appointment of counsel.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (*quoting Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw,* 452 F.3d at 1103. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

Here, Plaintiff has provided no basis for granting a motion for reconsideration. He asserts the same reasons in his objection to the denial of his motion as he did in his initial motion. The Court reviewed those arguments prior to its initial ruling denying his motion for appointment of counsel. Plaintiff has not shown clear error or other meritorious grounds for relief from the order. It remains the conclusion of the Court that this case does not currently present exceptional circumstances relative to likelihood of success and complexity of factual and legal issues involved. The Court, at this early stage, cannot say that Plaintiff is likely to succeed on the merits or that Plaintiff cannot adequately investigate and articulate his claims.

## VI.  CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general

rule, an "amended complaint supersedes the original" complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Here, the amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Complaint (ECF No. 1.) is DISMISSED for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed Complaint filed September 12, 2013;
3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to comply with a court order, and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   February 10, 2015            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

.