1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAREES BEYAH,<br><br>               Plaintiff,<br><br>     v.<br><br>MARTIN BITER, et al.,<br><br>             Defendants. | CASE NO. 1:13-cv-01467-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 10)<br><br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Warees Beyah is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 5.)  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 7.)

On February 10, 2015, Plaintiff's complaint was dismissed for failure to state a claim, but he was given leave to file a first amended complaint within thirty days.  (ECF No. 10.)  The thirty day deadline has passed without Plaintiff either filing an amended pleading or seeking an extension of time to do so.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of

any and all sanctions . . . within the inherent power of the Court."  "District courts have inherent power to control their dockets [and] . . . [i]n the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424-25 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic alternatives."  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would

constitute a satisfactory lesser sanction while preserving scarce Court resources.

Plaintiff has not paid the filing fee for this action and is likely unable to pay, making

monetary sanctions of little use.

Accordingly, it is HEREBY ORDERED THAT:

1.     Within fourteen (14) days of service of this Order, Plaintiff shall either show

cause as to why this action should not be dismissed with prejudice for

failure to comply with the Court's order (ECF No. 10.) and failure to

prosecute, or file an amended complaint; and

2.     If Plaintiff fails to show cause or file an amended complaint, the

undersigned shall dismiss this action, with prejudice, subject to the "three

strikes" provision set forth in 28 U.S.C. § 1915(g).  *Silva v. Di Vittorio*, 658

F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:    April 7, 2015               /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE

3